NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUSTIN SMITH,

        Plaintiff - Appellee,

  v.

CITY OF LA VERNE; ADDIEL JULIAN,
Officer,

        Defendants - Appellants,

and

LA VERNE POLICE DEPARTMENT,
DOES, 1 to 10,

        Defendants.

No. 24-5805

D.C. No.
2:23-cv-00644-KK-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted October 9, 2025
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and CHEN, District Judge.[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

The City of La Verne and La Verne Police Department Officer Addiel Julian (collectively, "Defendants-Appellants") appeal the district court's award of $343,135 in attorney's fees to Justin Smith, after Smith prevailed at trial but was awarded less than Defendants-Appellants' Federal Rule of Civil Procedure 68 offer. While Smith has not cross-appealed, he now argues that the district court erred by not awarding him treble damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether attorney's fees are considered "costs" under Rule 68. *See United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). We also review de novo the district court's interpretation of whether the Bane Act allows for post-verdict treble damages. *United States v. Middleton*, 231 F.3d 1207, 1209 (9th Cir. 2000).

1.      The district court did not err in determining that, under the Bane Act, attorney's fees are not considered "costs" under Rule 68. "[T]he term 'costs' in Rule 68 [i]s intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). The relevant substantive statute, the Bane Act, provides that "the court may award the . . . plaintiff reasonable attorney's fees," but does not mention costs at all. Cal. Civ. Code § 52.1(i). And in federal court, the term "costs" does not ordinarily include attorney's fees. *See Marek*, 473 U.S. at 8; 28 U.S.C. § 1920. Because

neither the relevant substantive statute nor federal procedural rules define attorney's fees as "costs", the district court properly held that attorney's fees under the Bane Act are not considered "costs" within the meaning of Rule 68.

2. California Code of Civil Procedure §§ 1032 and 1033.5 do not change this analysis because those statutes are state procedural rules. Sections 1032 and 1033.5 do not provide any entitlement to attorney's fees or any other substantive right but instead detail the procedural mechanisms for awarding costs in state court proceedings. *See Santisas v. Goodin*, 951 P.2d 399, 411 (Cal. 1998). As a federal court exercising supplemental jurisdiction over a state law claim, the district court correctly applied state substantive rules and federal procedural rules. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995); *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1168 (9th Cir. 1995) (holding, in a diversity case, that federal procedure should be used "to determine the amount of costs" properly awardable, even when state rules allow for a greater recovery).

3. The district court correctly denied Smith's request for treble damages. Because Smith has not cross-appealed, we ordinarily would not "alter a judgment to benefit" him. *Greenlaw v. United States*, 554 U.S. 237, 244 (2008). But even if we decline to apply the cross-appeal rule and reach the merits, the district court correctly interpreted the Bane Act. The Bane Act allows a plaintiff to recover "actual damages, and any amount that may be determined by a jury, or a court

sitting without a jury, up to a maximum of three times the amount of actual damage." Cal. Civ. Code § 52(a). Smith did not request a jury instruction as to treble damages, and the district court correctly held that the statute indicates treble damages may be awarded by the factfinder, whether that be the jury or the "court sitting without a jury" in a bench trial. *See Sanguinetti v. Moore Dry Dock Co.*, 36 Cal. 2d 812, 819 (Cal. 1951) ("[T]he amount of damages is ordinarily a question of fact to be determined by the jury."). Smith has not identified any authority suggesting a court can award post-verdict treble damages on a Bane Act claim after a jury has already awarded damages on the same claim.

**AFFIRMED.**